UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

     - against -

LINZHE KONG,
     also known as "Justin Kong,"


     Defendant.

– – – – – – – – – – – – – – – –X

AMENDED PRELIMINARY ORDER OF FORFEITURE

24-CR-148 (DG)

WHEREAS, on or about April 23, 2024, Linzhe Kong, also known as "Justin Kong" (the "defendant"), entered a plea of guilty to the offense charged in the Sole Count of the above-captioned Information, charging a violation of 18 U.S.C. § 1349,; and

WHEREAS, on or about October 15, 2024, the Court entered a Preliminary Order of Forfeiture ("Preliminary Order") against the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, which ordered the entry of a forfeiture money judgment in the amount of five hundred forty thousand dollars and zero cents ($540,000.00) (the "Forfeiture Money Judgment"), and ordered that all right, title and interest in approximately $303,113.78 in United States currency, from Citizens Bank account number 4028163837, held in the name of NY Elm Pharmacy, Inc. (the "Subject Funds"), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) (ECF No. 11);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), the defendant has consented to the forfeiture of all right, title, and interest in the real property and premises located at 316 North 6th Street, Prospect Park, New Jersey 07508, Block 50, Lot 41, title to which is held in the name of Silver Care Services LLC, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents, and profits therefrom, and all proceeds traceable thereto (the "Prospect Park Property"), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of the defendant's violation of 18 U.S.C. § 1349, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1); and

WHEREAS, the defendant and the United States move the Court to amend the Preliminary Order to add the forfeiture of the Prospect Park Property and to specify the credits toward the defendant's forfeiture money judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Funds and the Prospect Park Property (collectively, the "Subject Assets"). The forfeiture of the Subject Assets shall be credited towards the Forfeiture Money Judgment; and the forfeiture of 17% of the Prospect Park Property shall be credited towards the Forfeiture Money Judgment.

2.      All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals

Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing (the "Due Date").

3.    Upon entry of this Amended Preliminary Order of Forfeiture ("Amended Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Funds, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Amended Preliminary Order.

4.    The United States shall publish notice of this Amended Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Funds in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Funds as a substitute for published notice as to those persons so notified.

5.    Any person, other than the defendant, asserting a legal interest in the Subject Funds may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Funds, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed

*United States v. Linzhe Kong,* 24-CR-148 (DG)
Amended Preliminary Order of Forfeiture                                                      Page 3

in response to the notice of forfeiture of the Subject Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.      The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Funds or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Funds and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Funds passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Funds to the United States. Further, if any third party files a claim to the Subject Funds, the defendant will assist the government in defending such claims. If the Subject Funds or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Amended Preliminary Order against any other assets of the defendant up to the value of the Subject Funds, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

7.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder,

including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Amended Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Amended Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.      The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Funds following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) .

10.      The forfeiture of the Subject Funds and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11.     This Amended Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.     This Amended Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Amended Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.     The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Nicole Brown, FSA Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
_____, 2026

SO ORDERED:

SO ORDERED.


/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge


Dated: _____April_____ 29 , 2026
         Brooklyn, New York

_____
HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

United States v. Linzhe Kong, 24-CR-148 (DG)
Amended Preliminary Order of Forfeiture                                    Page 6